■ FENTRON ARCHITECTURAL METALS DIVISION OF SAMSON WINDOW CORPORATION, Appellant, v WILLIAM COLAVITO, as President of Shopmen's Local Union No. 455 of the International Association of Bridge Structural and Ornamental Iron Workers, AFL-CIO, et al., Respondents. SAMSON WINDOW CORPORATION, Appellant, v WILLIAM COLAVITO, as President of Shopmen's Local Union No. 455 of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, et al., Respondents.— Orders, Supreme Court, New York County, entered July 13, 1976 and July 14, 1976, respectively, each denying the respective petitioner's motion to stay arbitration and each granting respondent's cross motion to compel arbitration, unanimously affirmed with $40 costs and disbursements to respondents. The petitioner Fentron Architectural Metals is a division of Samson Window Corporation, and each corporation employed members of the respondent union. The several collective bargaining agreements entered into by the parties were to expire on June 30, 1975. Fentron was a party to an industry-wide collective bargaining agreement which contained a broad arbitration clause as well as a provision for severance pay. The union also alleges that Samson, which originally had its own agreement the extension of which provided for severance pay, had elected to be bound by the industry-wide agreement. The industry-wide severance provision stated: "Effective July 1, 1973 when a Company goes out of business (voluntary or involuntary) or moves its plant a distance of 50 miles or more from its then location, or sells its operation, or merges with another company at a location 50 miles or more from its then location, its employees who are terminated as a result thereof shall be entitled to one week's severance pay for each year of service with the Company." The union claims that its members are entitled to severance pay under the above-quoted provision, and the employers claim that severance pay would be owing only if there were a termination of business within the contract period. Since the employers allege that they closed their operations after the contract termination date of June 30, 1975, they claim that the issues raised by the union are no longer arbitrable. The issues raised herein by the parties (namely, when the right to severance pay accrued and when the operations of the employer were terminated) are disputes which arise out of the agreement among the parties and therefore subject to the arbitration clause which should be "given the full effect of its wording" (Matter of Weinrott [Carp], 32 NY2d 190, 199; Local No. 358, Bakery & Confectionary Workers Union, AFL-CIO,

*v Nolde Bros.,* 530 F2d 548). Concur—Markewich, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.